WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Kemford J. Alexander,

               Petitioner,

v.

United States of America,

               Respondent.

No. CV-14-01766-PHX-GMS
No. CR-09-01040-PHX-GMS

**ORDER**

       Pending before the Court are Kemford J. Alexander's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1) and United States Magistrate Judge Michelle H. Burns's Report and Recommendation ("R & R"), which recommends that the motion be denied and dismissed with prejudice.  (Doc. 12.)   Because Mr. Alexander filed timely objections to the R & R (Doc. 13), the Court will review the portions of the R & R to which Mr. Alexander has objected de novo. *See United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.  For the following reasons, the Court does not adopt the R & R but nonetheless denies the Motion.

**BACKGROUND**

       Alexander was arrested during a reverse sting operation in which an undercover agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) recruited

Alexander and his trial co-defendants to commit an armed robbery of a (fictional) cocaine stash house that defendants believed contained at least 23 kilograms of cocaine.[1] Following a nine-day trial, a jury convicted Alexander of Count One, conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841, 846, and Count Two, aiding and abetting the use of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A).

Prior to sentencing, the trial court held an evidentiary hearing at which Alexander and his co-defendants argued that the government engaged in sentencing entrapment. (CR Doc. 460.)  The trial court found that Alexander and his co-defendants did not meet their burden of proving sentencing entrapment.  (*Id.* at 140; CR Doc. 412.)  The trial court was therefore bound to sentence Alexander in accordance with a mandatory minimum and maximum sentence on Count One, pursuant to 21 U.S.C. §§ 841(b)(1)(A), which provides that conviction for possession with intent to distribute of 5 kilograms or more of cocaine results in a mandatory sentence of ten years to life.[2]  On January 25, 2011, the trial court sentenced Alexander to a term of 192 months:  132 months (eleven years) for Count One and 60 months for Count Two.  (CR Doc. 402.)

On appeal, three of Alexander's co-defendants raised the issue of sentencing entrapment, but Alexander did not.  *Black*, 733 F.3d at 312 ("Black, Mahon and Timmons argue on appeal that the district court erred in rejecting their sentencing entrapment arguments.").  The Ninth Circuit held that "[t]he district court properly rejected this argument in light of its findings that the defendants showed no reluctance about participating in the crime, the government did not induce the defendants'

---

[1] For a detailed account of the crime, see *United States v. Black*, 733 F.3d 294, 297-98 (9th Cir. 2013) *cert. denied sub nom. Mahon v. United States*, 135 S. Ct. 266 (2014) and *cert. denied,* 135 S. Ct. 267 (2014) and *cert. denied sub nom. Mahon v. United States*, 135 S. Ct. 266 (2014) and *cert. denied,* 135 S. Ct. 267 (2014) and *cert. denied sub nom. Alexander v. United States*, 135 S. Ct. 275 (2014).

[2] Additionally, the trial court did not lower the base offense level under the federal sentencing guidelines based on the sentencing entrapment argument (CR Doc. 412 at 9) although it did accept the Government's invitation to reduce the base level offence by two levels "to make it clear [that the Government] was never trying to inflate the range." (*Id.* at 13.)

participation in the fictitious robbery but simply presented the opportunity to them, and the defendants jumped at the opportunity to rob a stash house supposedly containing 23 or more kilograms of cocaine for purposes of making a profit." *Id.*  Moreover, the Ninth Circuit concluded that even if the district court had erred in rejecting the sentencing entrapment argument, the error would have been harmless in light of the district court's "finding that the defendants would not have been willing to risk their lives and take the risk of an armed robbery for fewer than 5 kilograms." *Id.*

Alexander petitioned the U.S. Supreme Court for a writ of certiorari, which was denied on October 6, 2014.  *Alexander v. United States*, 135 S. Ct. 275 (2014).  While that petition was still pending, Alexander's appellate counsel petitioned the Ninth Circuit for a panel rehearing and a rehearing en banc, arguing that between the time when Alexander's appeal before the Ninth Circuit was argued and when it was decided, two decisions interpreted the Sixth Amendment such that it was plain error for the trial court to decide Alexander's sentencing entrapment defense rather than submitting it to the jury.  (CV Doc. 6, Attach. C. at 5-6.)  The Ninth Circuit denied the petition on May 2, 2014.  (CV Doc. 6, Attach. D.)

On August 7, 2014, Alexander filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. 1.)  Magistrate Judge Michelle H. Burns issued an R & R recommending denial of the Motion, (Doc. 12), to which Alexander timely objected.  (Doc. 13.)

## DISCUSSION

Alexander raises two grounds for relief.  First, he asserts that his Sixth Amendment rights were violated when the trial court, rather than the jury, decided his sentencing entrapment defense, which could have lowered his mandatory minimum sentence.  Second, he asserts that he received ineffective assistance of counsel because his attorney failed to raise the sentencing entrapment defense on direct appeal and failed to request a stay of his appeal pending the decision of a U.S. Supreme Court case relevant to his sentencing entrapment defense.

/ / /

Alexander further asserts that he is entitled to an evidentiary hearing on the present motion.

## I.     Ground One

On June 17, 2013, the U.S. Supreme Court decided *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.* at 2155.  On October 9, 2013, the Ninth Circuit decided *United States v. Cortes*, 757 F.3d 850 (9th Cir. 2014), which held that "if there is some foundation in the evidence that [a defendant] would be subject to a lesser statutory minimum or maximum sentence if his sentencing entrapment defense were to succeed, then he is entitled to a jury instruction on that defense." *Id.* at 863.  Alexander maintains that because his divided share of the cocaine would have amounted to less than five kilograms, the jury reasonably could have found that the government engaged in sentencing entrapment, and therefore Alexander's "mandatory minimum could have conceivably been reduced from 10 years . . . to five . . . ."  (Doc. 1 at 20.)  Alexander argues that in light of *Alleyne* and *Cortes*, failure to submit his sentencing entrapment defense to the jury was error necessitating that his convictions and sentences be vacated. (*Id.* at 21.)

Alexander asserted in his initial habeas motion under section 2255 that *Alleyne* was decided before his conviction became final and "therefore may be applied to him" upon collateral review.   (Doc. 1 at 17.)  However, in his response to the government's opposition to his motion, Alexander conceded that "*Alleyne* and *Cortes* are not retroactive to cases on collateral review."  (Doc. 11 at 2.)  Indeed, the Ninth Circuit, in *Hughes v. United States*, 770 F.3d 814 (9th Cir. 2014), "join[ed] [its] sister circuits in concluding that the Supreme Court has not made *Alleyne* retroactive to cases on collateral review."  *Id.* at 815.  *Cortes*, which applies *Alleyne*, therefore is likewise not retroactive to cases on collateral review.

"Habeas corpus always has been a *collateral* remedy, providing an avenue for

- 4 -

upsetting judgments that have become otherwise final.  It is not designed as a substitute for direct review."  *Teague*, 489 U.S. at 306.  *Alleyne* does not clear the "high bar" of being a "watershed" rule of procedure such that it would be retroactive upon collateral review.  *Hughes*, 770 F.3d at 818.  Although *Alleyne* and *Cortes* were decided before Alexander's conviction became final, Alexander concedes that his conviction is final now. (Doc. 1 at 18); s*ee Teague v. Lane*, 489 U.S. 288, 295 (1989) ("[F]inal . . . mean[s] a case where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed" (internal citations omitted)).  The present motion is before the Court on collateral review, and the Court therefore will not address Alexander's claim that the trial court erred in deciding his sentencing entrapment defense rather than submitting it to the jury pursuant to the later-decided, non-retroactive procedural rule established in *Alleyne* and *Cortes*.[3]

## II. Ground Two

In his initial motion, Alexander asserts that his appellate counsel provided ineffective assistance of counsel due to her "failure to raise his sentencing entrapment issue on direct appeal."  (Doc. 1 at 22.)  Alexander's response to the government's objections further asserts that his appellate counsel "was ineffective for failing to ask the appeals court to hold his case in abeyance" until the U.S. Supreme Court rendered a decision in *Alleyne*, which was pending at the time of Alexander's direct appeal.  (Doc. 11 at 5.)

A claim for ineffective assistance of counsel "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."  *Massaro v. United States*, 538 U.S. 500, 504 (2003).  To succeed on a claim of ineffective assistance of counsel, a petitioner must prove that (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the

---

[3] The Court therefore does not adopt the R & R, in which the magistrate judge analyzes the merits of Alexander's argument under *Alleyne* and *Cortes*.

defense" in that "counsel's errors were so serious as to deprive the defendant of a fair trial . . . ." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"Surmounting *Strickland's* high bar is never an easy task." *Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Padilla v. Kentucky,* 559 U.S. 356, 371 (2010)). "Counsel is constitutionally deficient if the representation 'fell below an objective standard of reasonableness' such that it was outside 'the range of competence demanded of attorneys in criminal cases.' *Id.* (quoting *Strickland*, 466 U.S. at 687). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* (quoting *Strickland*, 466 U.S. at 687). "When evaluating counsel's conduct, we must make every effort 'to eliminate the distorting effects of hindsight, . . . and to evaluate the conduct from counsel's perspective at the time.'" *Id.* (quoting *Strickland,* 466 U.S. at 689).

Alexander's appellate counsel did not perform deficiently by failing to raise the sentencing entrapment issue on direct appeal.  The fact that three of Alexander's co-defendants raised the issue and *lost* is prima facie evidence that the argument had little chance of success.  *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) ("The lawyer's judgment was vindicated by the results in related cases. All the motions to suppress lost, and all the appeals challenging the denials of the motions to suppress lost."). "[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal." *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001); *see also Boag v. Raines,* 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

Nor was counsel ineffective for failing to request an abeyance in anticipation of the U.S. Supreme Court's pending decision in *Alleyne*.  "We do not expect counsel to be prescient about the direction the law will take." *Clark*, 769 F.3d at 727 (internal citation omitted); *see also Lowry,* 21 F.3d at 346 (holding that a lawyer is not ineffective for failing to anticipate a decision in a later case).

1   Alexander has not demonstrated that his counsel's performance was deficient, and

2   therefore he cannot succeed on his ineffective assistance of counsel claim.

3   **III.    Request for Evidentiary Hearing**

4   Alexander contends that he is entitled to a hearing on the merits of his motion.

5   (Doc. 1 at 24.)  However, a prisoner is not entitled to a hearing if "the motion and the

6   files and records of the case conclusively show that the prisoner is entitled to no relief."

7   28 U.S.C. § 2255.  "To earn the right to a hearing, therefore, Appellant was required to

8   allege specific facts which, if true, would entitle him to relief."  *United States v.*

9   *McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).  Alexander has not done so, and the

10  motion conclusively shows that he is not entitled to relief.  As such, he is not entitled to a

11  hearing.

12  **CONCLUSION**

13  Because *Alleyne* and *Cortes* are not retroactive on collateral review, Alexander's

14  first ground for relief is procedurally barred.  Alexander has not established that his

15  appellate counsel was deficient in her performance, and therefore his second ground of

16  relief for ineffective assistance of counsel likewise fails.  The Court can conclusively

17  determine from the motion that Alexander is not entitled to relief, and thus he will not be

18  afforded a hearing.

19  The Court will not adopt the R & R because it addresses the merits of the

20  *Alleyne/Cortes* issue (and decided the ineffective assistance of counsel issue based on the

21  determination that the *Alleyne/Cortes* issue fails on the merits).

22  **IT IS HEREBY ORDERED** that the Court declines to adopt the R & R (Doc.

23  12).

24  **IT IS FURTHER ORDERED** that the Motion Under 28 U.S.C. § 2255 to

25  Vacate, Set Aside, or Correct Sentence by Kemford J. Alexander (Doc. 1) is denied with

26  prejudice.  The Clerk of Court is directed to enter judgment accordingly.

27  / / /

28  / / /

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 11th day of December, 2015.

Honorable G. Murray Snow
United States District Judge